PeaesoN, J.
 

 The decrees of this Court aro not enrolled, strictly speaking, but are recorded, which is allowed to have the same effect. Judge Story says: “ In the State Courts ■of the United States, all decrees in Equity are matters of record,'and are deemed to be enrolled as of the term of the
 
 *11
 
 Court at which they are passed, whether actually enrolled or not.” Story’s Equity Pleading, sec. 403. Accordingly, there are several hills of review among the decisions of this Court, which hills are filed in the Courts of Equity helow, to review decisions of these Courts, and brought to this Court hy appeal, in which it is held that the passing and re.cording a final decree, has the effect of enrollment, and presents a case for a hill of review. So the bill under consideration is applicable to the case presented hy it. But the plaintiffs are met
 
 in limine,
 
 hy the objection, that a hill cannot he filed and have its origin in this Court, because of its limited jurisdiction.
 

 It appears that this is the first hill of the kind that has ever been filed in this Court. The case is a new one, and we have given it much consideration. This Court is one of-limited jurisdiction, and derives its powers from the Statute hy which it was created. So the question depends upon the construction of that Statute. It should, however, not he •considered as isolated and standing alone, hut as forming a part of a system, established hy the Legislature for the administration of the law.
 

 The Revised Statutes, ch. 32, sec. 1, entitled an act concerning Courts of Equity, provides as follows : “Each Superior Court of Law within the State shall also he and act as a Court of Equity for the same county, and possess all the
 
 powers and authority
 
 within the same, that the Court of Chancery, which was formerly held in this State, under the colonial government,
 
 used and exercised,
 
 and that are
 
 properly and rightfully incident
 
 to such a Court, agreeably to the laws of this State.” And in sec. 2, as follows: “ Such Court, in all equity proceedings, shall be styled and called the COURT oe Equitt for the county in which it is held.” And in sec. 17 : “ Ro hill of review, or petition for re-hearing, shall lie or be allowed upon a final decree in any of the
 
 Oourts of JSquity
 
 within this State but within five years,”
 
 *12
 
 &c. In Rev. Stat. ch. 33, sec. 6, entitled- an act concerning the Supreme Court, it is provided, that “the Court shall have power to
 
 hear and determine
 
 all questions at law brought before it by appeal from a Superior Court, and to
 
 hear and determine all cases of Equity brought before it by appeal
 
 from a Court of Equity, or removed there by the-parties thereto; and in every case such Court
 
 may render
 
 such sentence, judgment and decree as, on
 
 inspection of the whole
 
 record, it shall appear t<5‘ them ought in law
 
 to be rendered thereon ;
 
 and shall have
 
 original
 
 and exclusive jurisdiction in repealing letters patent, and shall also have power to issue writs of
 
 certiorari, scire facias, habeas corpus,
 
 mandamus> and all other writs which may be
 
 proper
 
 and necessary for the exercise of
 
 its jurisdiction,
 
 and agreeable to the principles and usages of law : and it may, in its own discretion, make the writs of execution, which it may issue, returnable either to the said Court, or to the Supreme Court,” &e., “provided, that, in criminal cases, the decision of the Supreme Court shall be certified to the Superior Court, which Court shall proceed to judgment.”
 

 Thus it is seen, that
 
 the Courts of Equity
 
 for the several Counties have original and general jurisdiction, and the statute confers upon them the
 
 powers and authorities
 
 that were formerly exercised by the Chancellor, and that are
 
 properly and rightfully
 
 incident to such a Court. The statute assumes that to entertain a bill of review is a power properly and rightfully incident to such a Court, and limits the time to five years, instead of twenty years, as it was formerly.
 

 Whereas the Supreme Court has no original jurisdiction, except to repeal letters patent, and its jurisdiction is limited and expressly confined to the power to hear and
 
 determine
 
 questions of law upon appeal, and cases in equity brought before it by appeal or removal: no incidental power or authority is conferred, save only that of issuing
 
 *13
 
 such writs and other process -as is- necessary and proper for the exercise of the limited jurisdiction given to it, that is, to hear and determine cases brought before it by appeal or removal.
 

 So the question is narrowed to this-: What is meant by the power to {ihear and determine” a case? Both of the-words have a fixed meaning, and beyond, all question a case is heard and determined when a final decree has been passed and entered upon the records of the Court. The case is then ended, the parties are dismissed, ¡and the Court has fully discharged its functions so far as their case is concerned.
 

 It is said that a bill of review -is not strictly speaking a/n original bill, but is treated of in the books as a bill in the nature of an original bill, being an incident to some former-suit. To call a bill of review an incident to a former suit requires some latitude of expression-; but it is sufficient for us to say, when a case has been heard and determined, this Court is
 
 functus offieio.&s
 
 to the case itself, and.all its incidents.
 

 The 17th sec. -of the S2d .chap, is expressly confined to
 
 Courts of Equity^
 
 (which means the Courts below.) It as from, the act of 1828, which was ten years after the Supreme 'Court was established-. This shows that, in the .opinion of the Legislature, a bill .of review could not originate in the Supreme Court, If such a .bill can be allowed, there is no limitation short of twenty years. We are, therefore, brought to the conclusion, from a consideration- .of the sta= tute, that a bill of review cannot be filed in this Court; but if the words of the statute were less plain and unequivocal, our conclusion would derive support from other consider rations.
 

 1. Bills of review owe their -origin to the famous ordinance of Loed Bacon, which .treats the power to entertain such bills as an incident to the jurisdiction of the Chancel
 
 *14
 
 lor. Such hills are of two kinds : one for error of law, like the hill before us; and the other upon new proofs that have come to light after the decision was made. Suppose a bill of the latter kind was filed in this Court; answer is put in, replications taken, and commissions. So, in effect, a case originates in this Court. This is certainly not proper. It must be brought here by appeal or removal. Both kinds o'f bills of review stand on the same footing, and-if we entertain one, as a matter of course we must entertain the other.
 

 2. No bill of review, of either kind, has ever been filed in this Court, but there are many petitions to re-hear. We are certain that, but for a settled conviction, on the part both of the Judges and of the profession, that this Court will not entertain such a bill, it would have been attempted in the course of thirty-six years. Indeed, in Ward v. Stowe, 2 Dev. Eq. 509, the , Court say: “ The inquiries presented are exceedingly unpleasant. There is no doubt but that the decision in 3 Hawks, 604, directing a partition of the land
 
 per capita
 
 was right, and the decision in 1 Dev. Eq. 67, reversing the former decree, upon a petition to rehear, and directing a partition
 
 per
 
 stripes, was erroneous.” It is clear, that, if the Court could have entertained a bill of review, that erroneous decree would have been reversed.
 

 3. ‘There are several cases, in which bills filed in the Courts of Equity to reverse their decrees, have been brought to this Court by appeal. Gilchrist v. Buie, 1 Dev. and Bat. 354; Waugh v. Mitchell, ib. 510; Sims
 
 v.
 
 Thompson 1 Dev. Eq. 197; Barnes v. Dickinson, ib. 326. In the last case, the bill was filed in the Court of Equity to reverse a decree in this Court, on new proof.
 

 4. No reason can be assigned why cases in Equity should be tried a second time in this Court, that does not apply, with equal force, to cases on the law side, and there can be no- writ of error, for error in law, in a judgment of this. Court.
 

 Bill dismissed with, costs.