The motion on the part of the defendant for a certiorari, or other appropriate writ to bring up this case for review on the question of law, was opposed by the counsel of Walton on two grounds:
1. It was insisted that the action of a single judge in vacation, upon a writ of habeas corpus, is not the subject of review. The counsel relied on the authorities cited, and the reasoning of Judge Kent, in Yates v. NewYork, 6 Johnson, 397, and of Judge Baldwin in Holmes v. Jennison, 14 Peters. 614 (13 Curtis, 649).
These cases show that there is a conflict of decisions and a great contrariety of opinion on the question. Any one who reads them will become satisfied that the amount of talent and learning bestowed on the subject has tended to mystify rather than to elucidate it. When the stream becomes too muddy to see the bottom, the surest way to find truth is to go up to the fountain head, that is, "to the reason and sense of the thing." We believe the conflict and confusion found in the books in regard to this question are mainly to be attributed to the fact of not keeping in view the distinction between a habeas corpus "when one stands committed for a crime" and a habeas corpus when one is imprisoned or otherwise restrained of his liberty for some cause other than the commission of a criminal offense. This distinction is pointed out in Caine's case. Judges Kent and Baldwin, in the cases referred to, had their minds fixed upon the former class of case, and do not advert to the distinction.
The object of a commitment is to secure the attendance of the party at the trial; and it is the duty of the committing magistrate to make *Page 197 
an examination, inquire into the circumstances, and to discharge (313) the person arrested, or remand him, or take security for his appearance, according to the nature of the offense and the degree of proof. This proceeding is not the subject of review by write of error or certiorari, for the reason that there is no trial, and no judgment, but a mere inquiry, to see whether the person accused ought to be tried; indeed, when the law is duly administered, the trial will take place before a writ of error orcertiorari could be disposed of in the course of the court. The courts, however, exercise a supervising jurisdiction over the action of the committing magistrate, by means of the writ of habeas corpus, and to inquire into the legality of the commitment and the question of probable cause. This proceeding is in lieu of a writ off error or certiorari, and is not the subject of review by either of those writs, when it turns on the question of probable cause, for, like the proceeding before a committing magistrate, it is not a trial; there is no judgment; it is a mere inquiry. When it turns on the power of commitment, or its legality, the question is not so clear. There is much force in the authorities cites, and in the reasoning of Judges Kent and Baldwin, although the weight of authority in this country is on the side; for in Yates v. New York and decision is against the opinion of Judge Kent. In Holmes v. Jennison a majority of the judges differ from Judge Baldwin, and in the late case of Ableman v. Booth, 21 Howard, 506, the jurisdiction by writ of error is assumed by the Supreme Court of the United States, and the point seems to be conceded.
The superintending jurisdiction over committing magistrates was intrusted to the judges in vacation, 32 Charles II., ch. 2, Rev. Code, ch. 55, sec. 1.
The purpose of a writ of habeas corpus, where one "is restrained of his liberty for some cause other than the commission of a criminal offense," is altogether different. In ancient times, in such cases, the writ de homine replegiando was used. It was an original write by which an action was instituted when a person was restrain of (314) his liberty, unless committed for a crime, and the right to the services and custody of the person was determined. Fitz. N. B., 68; Com. Dig. Pleader, 3 K. I., Imprisonment, L. 4; 2 Inst., 55; 3 Mod., 120. There can be no doubt that the judgment in this action was the subject of review by writ of error. This original writ is now superseded by the judicial writ of habeas corpus, as a more speedy and summary remedy, called for by the nature of the case, which the courts issued under their common-law jurisdiction. IN the proceeding instituted by this writ the right in controversy is determined by a judgment, and no reason can be assigned why such judgment is not the subject of review in the same way as the judgment in the old action de homine replegiando, *Page 198 
or any other action or proceeding in which the court renders a judgment; because, thereby, the right of the parties is adjudicated and determined. It is true, if the plaintiff seeks for damages he must follow it up by an action of trespass for assault and battery, and false imprisonment, as the action of ejectment, which is substituted for the old real actions, is followed up by an action of trespass for mesne profits; but that is no reason why the judgment should not be the subject of review.
This jurisdiction is extended to the judges in vacation by 56 Geo. III. (1816), so the jurisdiction of a single judge in such cases is of very recent origin, which may, in some measure, account for the confusion in which the subject has been involved, by not distinguishing this class of cases from that of the case coming within the purpose of the act of Charles II. The fact that so many writs of habeas corpus have been issued in the last two years has elicited a closer and more serious investigation of the nature and purposes of the proceeding in cases of this kind, and the result is a clearer apprehension of the distinction between the two classes of cases.
(315) The question is narrowed to this, Is not the judgment of a single judge, in the exercise of this jurisdiction, conferred by statute of George III., and our statute of 1836, subject to review for the same reasons and on the same grounds which are applicable to the judgment of the courts in the exercise of their common-law jurisdiction by habeascorpus? There are a suit, a trial, and a judgment, deciding the rights of the parties; and the fact of its being the decision of the tribunal composed of a single judge can furnish no reason why it should not be the subject of review by a higher tribunal. Certainly, the decision of a judge in vacation cannot be put on a higher footing than the decision of the same judge in term-time.
For illustration: Zeigenfuss v. Hastings 24 N.C. 463, presented this question of law: Has a creditor the right to take the body of his debtor by writ of capias ad satisfaciendum, after the debtor has filed his petition in bankruptcy, and given notice, but before a decree of bankruptcy? The case was constituted before a single judge by a writ of habeas corpus, under section 10 of the act of 1836. The judge decided against the debtor. It was an adjudicate of the rights of the parties.
So Prue v. Hight, 51 N.C. 265, instituted by writ of habeas corpus, before a single judge, presented a question of law as to the validity of indentures of apprenticeship on which the rights of the parties depended. The judge decided in favor of the defendant, and his right to the service of the plaintiff, as an apprentice, was thereby determined.
These cases show strikingly the difference between a habeas corpus under the firs section of our statute, when one "stands committed for a *Page 199 
crime," which is a mere inquiry preliminary to his trial, and a habeascorpus under section 10, which is a suit involving the rights of the parties, and in which their rights are adjudicate the determined. In cases of this kind we think it clear the decision on matter of (316) law is the subject of review; and it is equally clear that the case before us falls under this class of case. Walton did not "stand committed for a crime," but was restrained of his liberty as a conscript. His case presents a question of law, arising under an alleged contract, and the right is adjudicated and determined by the decision of a single judge.
2. Admitting that the Court of King's Bench and the Supreme Court in several of the States where their statutes provide for it have power to review the action of a single judge in habeas corpus cases, when one is restrained of his liberty for some cause other than the commission of a criminal offense, it was insisted that this Court has no such power, be cause its jurisdiction is limited, and it has no jurisdiction except what is conferred by statute. Binford v. Alston, 15 N.C. 399; American BibleSociety v. Hollister, 54 N.C. 10 and Smith v. Cheek, 50 N.C. 213, were relied on.
When these case were decided there was, as is said in Bryan's case,ante, 1, a general impression against the power of the Court, and candor requires the admission that the judges were then of opinion that the Court did not have jurisdiction in habeas corpus cases; and although those cases are correctly decide, yet the language used must be restricted, and the general import controlled, by construing it as having reference only to the questions then before the Court. Within the last few years the subject of habeas corpus has called into action the utmost effort of the legal mind, both of the bar and the bench, and eliminated the fact that the protection of personal liberty is a distinct head ofjurisdiction. In the Matter of Bryan, after full argument and due consideration, this Court held that, in regard to the proceeding under writs of habeas corpus, the Court has a common-law jurisdiction: "So that the establishment of a Supreme Court, without any words to (317) that effect, necessarily, and as an incident to its existence, by force of the bill of rights, of the Constitution, and the principles of the writ of right, into the lawfulness of any restraint upon the liberty of a freeman," and the inference is made that although in actions at law, indictments, and suits in equity it was deemed expedient to limit the jurisdiction, as to the manner of constituting such case in that Court, so as to make the jurisdiction appellate only, yet in regard to the important subject of jurisdiction, to wit, the writ of habeas corpus, there is no limitation of power or restriction, save the principles and usages of law, "it *Page 200 
being the opinion of the Legislature that the power would attach to the Court as soon as it was established, as an incident of its existence, upon the principle of the common law and bill of rights."
We are fully satisfied of the soundness of this conclusion, and it has since received the sanction of a legislative enactment. So the question must be considered as settled. We allude to the act of June, 1863, by which it is enacted that a single judge may, in term-time, grant a writ of habeascorpus, and make it returnable either before himself or some other judge, or before the Supreme Court; thus expressly recognizing the jurisdiction of the Court.
Taking this to be so, it follows as a necessary consequence that the Court has the power to review the action of the Superior Courts and of the judges in vacation, upon questions of law, in all cases of habeas corpus, when a decision is made and the rights of the parties are determined; that is, in all cases under section 10 of the Habeas Corpus Act. For it is the function of every court which is "supreme," not simply a "court of appeals" or a "court conference," to control the action of all other judicial tribunals, so as to prevent them, by prohibition, from exceeding their jurisdiction, and to correct errors while acting within (318) their jurisdiction. When the mode of exercising this jurisdiction is provided by statute, as in respect to actions at law, indictments, and suits in equity, that, of course, must be pursued; when no mode is provided, the Court must pursue a mode which is "agreeable to the principles and usages of law." It may be that in a habeas corpus case of the kind now under consideration, constituted in the superior Court, an appeal will lie under the general provisions of the Rev. Code, ch. 4, secs. 21, 22. When the decision affects the rights of infants, the Legislature has deemed it expedient to allow the matter to be brought up both from a court and a single judge, by the speedy mode of appeal, Acts of 1858, ch. 53. In all other cases it is left to be done in such way as is "agreeable to the principles and usages of law."
It is gratifying to know that the Court possesses this jurisdiction, for it would have been a deplorable state of things if Williams is to serve as a conscript because his case was decided by Jude A., and Walton is not to serve because his case was decided by Judge B., and that there should be no mode of correcting the error, so as to settle the law — make it uniform, and give to decisions in such cases the weight to which an adjudication of the highest judicial tribunal of the State is entitled.